Carr, J.
I have seen few cases that, in my apprehension, present less difficulty than this. The only question is, whether the record was admissible evidence. The appellee *398 brings his action on an injunction bond, against the surety; in his declaration describes the bond and sets out the condition with perfect accuracy, and, in assigning the breach of the condition, alleges that the injunction, which had been awarded by the county court of Campbell, was dissolved by the superiour court of chancery of Lynchburg. The defendant pleads conditions performed ; and the issue is made up on that plea. The plaintiff to prove the breach laid in the declaration, offers in evidence the record of the injunction suit; and this record shews the whole proceedings in the county court, and the removal of the cause, by certiorari, to the superiour court; and states, in so many words, the decree of the superiour court, that the injunction awarded to Calloway by the said county court, on the 9th August 1814, be dissolved ; which is the very injunction, on granting which the injunction bond, now sued on, was given. Could the court say that this evidence was not pertinent to the issue? not admissible under the pleadings? Unquestionably not. Here was the decree of a competent court dissolving the very injunction, the dissolution of which was the fact in issue. Whether that order of dissolution was a cor-, rect decree or not, was a question, surely, that could not be adjudged in this side way, on a question as to the admissibility of the record in evidence; the decree itself remaining in full force, nowise impeached, and no appeal taken from it. I think the judgement must be affirmed.
Cabell, J. concurred.
Tucker, P. In Mowry v. Miller, 3 Leigh 561. which was an action for a malicious prosecution, the declaration set forth an examination and acquittal on the 7th October, and on the trial the plaintiff produced in evidence the record of an acquittal on the 7th November. The introduction of the record was objected to because of the variance. This court took a distinction between the case as it appeared, and that of a misrecital. We considered the declaration as merely *399 alleging tlie fact of acquittal, and not as undertaking to recite the record ; and (upon the authority of Purcell v. Macnamara, 9 East 157. overruling Pope v. Foster, 4 T. R. 590. and sustained by Philips v. Shaw, 4 Barn. & Aid. 435.) affirmed the judgement. These cases establish, that where the time of the trial of a particular fact is not material, a variance from the date, in alleging the trial and the result, will not be material, although it is to be proved by a record, provided the time be not alleged as descriptive of the record by means of a prout patet per rccordum or otherwise. Although these cases are not ad idem with the case before us, the principle is, I think, altogether applicable. Here, the substance of the allegation in the declaration, is, that the injunction was dissolved. There is no attempt to recite the order of dissolution, nor is there any mention of its date. But instead of alleging, as was the fact, that the injunction was dissolved in the county court, it is erroneously-stated, that it was dissolved by the superiour court of chancery :—I say erroneously, because i do not think it necessary to go into the inquiry, how far the defendant Anthony was, on the one hand, bound to respect the order of the county court reinstating the injunction, or, on the other, how far he was at liberty to disregard it, because irregularly made. If he was bound to respect it; if it was in fact a restraint upon him, which he had no right to set at defiance, until it was removed by the same court or a superiour tribunal j and if, as I think, the reinstatement is to be considered as the old injunction,' though most irregularly revived, then, the declaration strictly conforms to the fact. The injunction was dissolved by the superiour court of chancery of Lynchburg. But if Anthony was at liberty to disregard this irregular reinstatement, or if it is to be considered as a new order of injunction, it is certain that the declaration erroneously describes the court, at which the dissolution took place. This, however, was not the point of the allegation. The substance of it was the fact of dissolution, which was to entitle the plaintiff to his action, and the date of the dissolution to as *400 certain the extent of his demand. It is. not improbable, that the declaration would have been considered faulty on special demurrer in this latter respect, as the day of dissolution is blank. But that defect cannot affect the judgement now. The only point in question is, the mistake as to the court in which the injunction was dissolved, which I have already said I do not consider as forming a material part of the allegation.
The case of Busby v. Watson, 2 W. Black. 1050. is not inapplicable to shew, that the mistake of the court is as immaterial as the mistake of the date. There, in case for malicious prosecution,, the declaration alleged that the defendant procured the plaintiff to be indicted at the general quarter sessions of the peace for Middlesex ; and a record was introduced, proving indeed the fact of indictment, but that it was at the general sessions, instead of the general quarter sessions. These courts are different, for the general quarter sessions, have more extensive jurisdiction than the general sessions. The evidence was rejected at nisi prius for this variance; but the court of common pleas thought otherwise; and ordered a new trial.
Judgement affirmed.